# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

DOUG CLAUSEN & JOANIE
CLAUSEN, as Trustees on Behalf of
the Clausen Trust, Joanie S. Clausen
Revocable Trust U/A Dated April 29,
2003, and as Assignee of
AssuredPartners of Florida, LLC d/b/a
Dawson of Florida,

    Plaintiffs,

v.                                                  Case No. 2:19-cv-605-FtM-60NPM

BURNS AND WILCOX, LTD and US-
REPORTS, INC d/b/a AFIRM
SOLUTIONS,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART "BURNS & WILCOX, LTD'S MOTION TO DISMISS FOR IMPROPER VENUE AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED"

This matter is before the Court on "Burns and Wilcox, LTD's Motion to Dismiss for Improper Venue and for Failure to State a Claim Upon Which Relief May be Granted," filed on September 30, 2019. (Doc. 16). Plaintiff filed a response in opposition on October 10, 2019. (Doc. 20). The Court held a hearing on this matter on January 14, 2020. (Doc. 28). On February 13, 2020, Plaintiffs and Defendant US-Reports filed notices of supplemental authority. (Docs. 29, 30). Upon review of the motion, response, supplemental authority, court file, and record, the Court finds as follows:

## Background

Plaintiffs Doug and Joanie Clausen are the sole trustees of The Clausen Trust (the "Trust" or "Plaintiffs"). (Doc. 1). The Trust owns a property in Naples, Florida (the "Property") and hired AssuredPartners of Florida, LLC ("Assured") to help secure property insurance for the Property. (*Id.*). To help it procure insurance coverage for its clients, Assured entered into a contract with Defendant Burns and Wilcox, Ltd ("B&W"), an insurance brokerage firm that represents insurers. (Docs. 1, 1-2). As part of this contract, B&W agreed to indemnify Assured if its actions, omissions, or negligence led to a lawsuit against Assured. (*Id.*). In addition, the contract also contained a forum-selection clause that limits venue for any lawsuit under the contract to be the Sixth Judicial Circuit Court of Oakland County, Michigan or the United States District Court for the Eastern District of Michigan, Southern Division. (Doc. 1).

Following Defendant US-Reports, Inc.'s ("US Reports") inspection of the Property, B&W advised Assured that the Trust should reduce its property insurance coverage. (Doc. 1). Assured subsequently advised the Trust to reduce its coverage, and it did so. (*Id.*). On May 6, 2014, a construction accident engulfed the Property in flames and caused damage that was several millions of dollars in excess of coverage provided by the policy. (*Id.*). Plaintiffs sued Assured and, as part of a settlement, received an assignment of Assured's potential claims against B&W. (*Id.*). On October 22, 2019, Plaintiffs brought an eight-count complaint that includes: (1) five assigned claims against B&W (Counts I, II, V, VI, and VII); (2) one

direct claim against B&W (Count III); (3) one assigned claim against US Reports (Count VIII); and (4) one direct claim against US Reports (Count IV).  (*Id.*).

## Analysis

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  The purpose of § 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).

In *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49 (2013), the Supreme Court held that a valid forum-selection clause should be reviewed under § 1404(a) and be "given controlling weight in all but the most exceptional cases."[1]  *Id.* at 63-64 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).  However, the Court must inquire further when only some of the parties are bound by the forum-selection clause because the § 1404(a) analysis might point to different venues for the forum-selection clause parties and the non-forum-selection clause parties.  Here, there are two non-contracting parties: (1) Plaintiffs, but only when pursuing their direct claims

---

[1] As Plaintiffs have not argued that the mandatory forum-selection clause in this case is invalid, the Court presumes it is valid.  *See Pappas v. Kerzner Int l Bahamas, Ltd.*, 585 F. App x 962, 965 (11th Cir. 2014) (explaining that a forum selection clause is  presumptively valid and enforceable unless the plaintiff makes a strong showing that enforcement would be unfair or unreasonable under the circumstances").

(Counts III and IV), and (2) US Reports (Counts IV and VIII). The Eleventh Circuit has not addressed this issue yet, but the Third and Fifth Circuits have. *See In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 403-04 (3d Cir. 2017); *In re Rolls Royce Corp.*, 775 F.3d 671, 679-83 (5th Cir. 2014).

The Third Circuit's analysis, which considered and elaborated on the Fifth Circuit's ruling in *Rolls Royce*, provides a four-step test for the Court to use when determining whether to transfer a case in whole or in part: "(1) the forum-selection clauses, (2) the private and public interests relevant to non-contracting parties, (3) threshold issues related to severance, and (4) which transfer decision most promotes efficiency while minimizing prejudice to non-contracting parties' private interests." *See Howmedica*, 867 F.3d at 403-04 (citing *Rolls Royce*, 775 F.3d at 679-83). The Court adopts the Third Circuit's four-step test to conduct its analysis here.

***Step 1: Forum Selection Clauses***

"At the first step, the court assumes that *Atlantic Marine* applies to parties who agreed to forum-selection clauses and that, '[i]n all but the most unusual cases,' claims concerning those parties should be litigated in the fora designated by the clauses." *Howmedica*, 867 F.3d at 404 (quoting *Atl. Marine*, 571 U.S. at 66). Here, the forum-selection clause was signed by Assured and B&W. Thus, the only claims implicated in Step 1 are Plaintiffs' assigned claims against B&W — Counts I, II, V, VI, and VII. These claims do not present an unusual circumstance that justifies overriding a valid forum selection clause. Therefore, the forum selection clause favors transfer of Counts I, II, V, VI, and VII to the Eastern District of Michigan.

***Step 2: Private and Public Interests Relevant to the Non-Contracting Parties***

"Second, the court performs an independent analysis of private and public interest relevant to non-contracting parties, just as when adjudicating a § 1404(a) transfer motion involving those parties in the absence of any forum-selection clauses." *Id.* Here, the counts that are not implicated by the forum selection clause are Counts III (direct claim against B&W), IV (direct claim against US Reports), and VIII (assigned claim against US Reports). In conducting this analysis, the Court refrains from considering threshold questions such as jurisdiction and improper venue. *Id.* at 404, n.8.

The Court considers private interest factors such as: "(1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) possibility of view of premises, if view would be appropriate to the action; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Pappas*, 585 F. App'x at 967 n.5 (internal quotations omitted).

The Court considers public interest factors such as "the administrative difficulties flowing from court congesting[,] the local interest in having localized controversies decided at home[,] and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* (quoting *Atl. Marine*, 571 U.S. at 62 n.6).

In this case, many of the private and public interest factors weigh in favor of litigating this matter in Florida. The parties are located in Florida, the alleged

negligence occurred in Florida, the relevant property is located in Florida, nearly all relevant witnesses and evidence are likely in Florida, the case would likely be decided under Florida law, and the matter would almost certainly be more expensive to litigate in Michigan than in Florida.  One major public interest factor, however, weighs in favor of transfer: judicial economy.  Litigating this whole matter together would clearly be the easiest and most efficient solution.  However, on balance and in an abundance of caution, the Court finds that the private and public interests relevant to the non-contracting parties favor keeping this case in Florida.

***Step 3: Threshold Issues Related to Severance***

"Third, if the Step [1] and Step [2] analyses point different ways, then the court considers severance." *Howmedica*, 867 F.3d at 404.  When necessary to cure procedural and other defects, severance is "clearly … warranted." *Id.*  "In such cases, the court should sever and transfer claims as appropriate to remedy jurisdictional and procedural defects.  If only one severance and transfer outcome satisfies the constraints identified at this step, then the court adopts that outcome and the transfer inquiry ends." *Id.*  However, if the Court can find more than one way to cure those issues, the Court must continue its inquiry. *Id.*  Further, severance is disallowed where a party is indispensable. *Id.*  In such an instance, "the case must continue with all parties present in a forum where jurisdiction and venue are proper." *Id.* at 405.

The only threshold issue in this case is whether the Eastern District of Michigan could assert personal jurisdiction over US Reports.  However, US Reports consents to personal jurisdiction in the Eastern District of Michigan.  (Doc. 35).

Accordingly, there are no threshold issues in this case that mandate or preclude severance.

### *Step 4: Efficiency and Non-Contracting Parties' Private Interests*

Fourth, the Court chooses the most appropriate course of action by considering two key sets of interests: (1) "efficiency interests in avoiding duplicative litigation;" and (2) "the non-contracting parties' private interests and any prejudice that a particular transfer decision would cause with respect to those interests." *See Howmedica*, 867 F.3d at 405 (internal citations omitted).

Initially, a district court must enforce a valid forum selection clause unless "it determines that the strong public interest in upholding the contracting parties' settled expectations is 'overwhelmingly' outweighed by the countervailing interests." *See id.* (citing *Atl. Marine*, 571 U.S. at 63, 67). As the Court has found that no such significant countervailing interests are present in this case, the claims encumbered by the forum selection clause — Counts I, II, V, VI, and VII — must be transferred to the Eastern District of Michigan. The remaining question is whether Counts III, IV, and VIII should be transferred with them, or should be severed and remain before this Court.

There is no doubt that the first interest, efficiency and avoiding duplicative litigation, cuts in favor of transfer of the entire case. Counts III, IV, and VIII would all likely revolve around similar evidence, witnesses, and legal questions as those the Court would be transferring. Though there are certainly mechanisms for reducing the threat of duplicative litigation or otherwise ensuring efficiency, maintaining this case as a single action is the most efficient approach.

Next, the Court considers the non-contracting parties' private interests and potential prejudice to them. First, transfer is not prejudicial to US Reports because it has voluntarily consented to personal jurisdiction in the Eastern District of Michigan. Second, the Court acknowledges that Plaintiffs could, in theory, be prejudiced by transferring their claims not governed by the forum-selection clause to Michigan.[2] But to whatever extent those prejudices may exist, they are limited and vastly outweighed by the efficiency benefits of litigating the entirety of this action in a single lawsuit. Indeed, it could be *more* prejudicial to Plaintiffs for the Court to sever the claims and make them litigate their claims separately with regard to time, cost, and the other challenges involved with litigating in two different forums.[3]

Accordingly, the Court finds in favor of transferring the entire case to the United States District Court for the Eastern District of Michigan, Southern Division.

Because the Court has decided to transfer this action, it does not reach the other arguments in the motion to dismiss. Defendant is not precluded from raising these arguments at a later time, if appropriate.

---

[2] While a plaintiff may generally select the forum they consider the most advantageous, a plaintiff's private interests may not be considered when those claims are encumbered by a forum-selection clause. *See Atl. Marine*, 571 U.S. at 63-64.

[3] Plaintiffs have not stated that they would prefer the Court to sever their direct claims in the event the Court chose to transfer the forum-selection clause claims to Michigan. It is therefore unclear which outcome, complete transfer or severance and transfer, would be more prejudicial to Plaintiffs. However, regardless, the Court finds that transfer of the entire case is the most appropriate result.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Burns and Wilcox, LTD's Motion to Dismiss for Improper Venue and for Failure to State a Claim Upon Which Relief May be Granted" (Doc. 16) is **GRANTED IN PART and DENIED IN PART**.

2. The motion is **GRANTED** to the extent that this case will be transferred to the United States District Court for the Eastern District of Michigan, Southern Division.

3. The motion is otherwise **DENIED WITHOUT PREJUDICE**.

4. The Clerk is directed to **TRANSFER** this case to the United States District Court for the Eastern District of Michigan, Southern Division for all further proceedings. Following transfer, the Clerk is directed to terminate any pending motions and deadlines and thereafter **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this <u>12th</u> day of May, 2020.

    **TOM BARBER**
    **UNITED STATES DISTRICT JUDGE**